UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HENRY GONZALEZ VASQUEZ ,<br>Petitioner,<br>v.<br>JULIO HERNANDEZ, et al.,<br>Respondent. | CASE NO. 2:26-cv-03195-BAT<br>**ORDER DENYING HABEAS PETITION AND DISMISSING ACTION** |

Petitioner, an immigration detainee, filed a 42 U.S.C. § 2241 petition for writ of habeas corpus requesting the Court order his release and award him award attorney's fees and costs. For the reasons below, the Court **DENIES** the petition and **DISMISSES** the case.

## BACKGROUND

On September 5, 2026, Petitioner filed a § 2241 habeas petition averring he is a citizen of El Salvador and his spouse was granted asylum in 2021. There is no dispute Petitioner is subject to a final order of removal as he was previously ordered removed from the United States in 2006, reentered the country in 2018 and was released on an Order of Supervision on November 1, 2018. Although he complied with the conditions of his release, Petitioner claims Respondents redetained him in 2020. Upon redetention, Petitioner asserted a fear of return to El Salvador, but an immigration judge (IJ) upheld the no reasonable fear finding and Petitioner was again ordered

removed to El Salvador. After removal, Petitioner returned to the United States in 2021, and in November 2023, his spouse filed a Form I-730 application requesting he be granted derivative asylee status. Petitioner attended a biometrics appointment in December 2023 where he provided his fingerprints and other identifying information. The UCIS thereafter scheduled for both Petitioner and his spouse another interview regarding the I-730 application for September 16, 2026.

On July 6, 2026, while Petitioner was driving to work, he was stopped and arrested by Respondents and detained at the Northwest ICE Processing Center. Petitioner alleges although Respondents knew Petitioner has a pending I-730 application for beneficiary asylee status, had appeared for a biometrics appointment and was scheduled for an I-730 follow-up appointment, Respondents nonetheless arrested him without any reason, notice and without providing Petitioner a hearing before a neutral decision maker.

On September 5, 2026, Petitioner filed the present petition for writ of habeas corpus arguing his detention violates the Fifth Amendment protection against deprivation of liberty without proper process and he should be released under *Mathews v. Eldridge*, 424 U.S. 319 (1976). Petitioner also argues a warrantless arrest violates the Fourth Amendment, the immigration regulatory scheme and the Administrative Procedures Act as further grounds for immediate release.

On September 8, 2026, the Court issued a scheduling order directing Respondents to file a return to the habeas petition no later than September 22, 2026. Dkt. 2. On September 10, 2026 at nearly midnight, Respondents filed a notice of intent to transfer Petitioner from this District and to remove him. Dkt. 5. The notice states "ICE is in possession of a travel document to affect your removal and expects this occur in 09/2026." *Id.*

Because removal appeared imminent, on September 11, 2026, the Court issued an order prohibiting Respondents from transferring Petitioner from the district and removing him pending further briefing from the parties on the notice of intent to transfer and remove Petitioner. Dkt. 6. Two days later, Respondents filed a notice of recission of intent to transfer and remove, and on September 22, 2026 filed a return to Petitioner's writ of habeas corpus arguing:

(1) Under *Hurtado v. Mullin*, No. 2:26-cv-02787-TMC, 2026 WL 2529540, at *1 (W.D. Wash. Aug. 27, 2026) Petitioner has no due process right to notice and a hearing before detention because he is a noncitizen subject to a valid order or removal;

(2) As Petitioner is subject to a final order of removal, he is detained under 8 U.S.C. § 1231(a)(2) which imposes a mandatory 90-day detention period;

(3) There is a significant likelihood Petitioner will be removed in the reasonably foreseeable future, and he is thus not subject to unconstitutional prolonged detention; and

(4) The pending I-730 application Petitioner's spouse filed does not supplant the statutory mandatory 90-day detention period. *See* Dkt. 10 at 1-2.

## DISCUSSION

The record indicates that in 2006 an immigration judge ordered Petitioner removed to his home country. Dkt. 12, Exhibit A. Petitioner acknowledges he is subject to a final order of removal, as his § 2241 petition avers he was removed in 2006, and in 2020, and he subsequently reentered the country without permission. *See* Dkt. 1 at 6-7. Although Petitioner is subject to a final order of removal, he argues the Court should order his release on the grounds his Fifth Amendment due process rights were violated, and because he was arrested in violation of the Fourth Amendment, Immigration and Nationality Act (INA) and the Administrative Procedures Act (APA).

**A. Petitioner's Due Process Claim**

The INA governs the removal of individuals residing without permission in the United States. *See Johnson v. Guzman Chavez*, 141 S. Ct. 2271, 2280 (2021). When a noncitizen such as Petitioner is ordered removed by an immigration judge, "DHS must physically remove him from the United States within a 90-day 'removal period.'" *Id*. at 2281 (citing 8 U.S.C. § 1231(a)(1)(A)). Under 8 U.S.C. § 1231, "[d]uring the removal period, detention is mandatory." *Johnson* at 2281 (citing 8 U.S.C. § 1231(a)(2)); *see also Zadvydas v. Davis*, 533 U.S. 678, 683 (2001) (citing 8 U.S.C. § 1231(a)(2)) ("After entry of a final removal order and during the 90-day removal period,. . . aliens must be held in custody."). The Supreme Court has also held "a period reasonably necessary to bring about the alien's removal from the United States is presumptively six months." *Zadvydas v. Davis*, at 2281-82.

There is no dispute Petitioner is subject to a final order of removal, was arrested and detained on September 2, 2026, and filed the instant habeas petition on September 5, 2026. Respondent correctly argues, because Petitioner is subject to a final order of removal, he is subject to mandatory detention under § 1231(a)(2) during the 90–day statutory removal period, which obviously has not expired.

Petitioner does not address the 90-day mandatory detention period under § 1231 and instead argues due process protects his liberty interests and requires Respondents to provide him notice and an individualized hearing before a neutral decision maker before he can be detained. Dkt. 1 at 8. As Respondents note, this argument was raised and rejected in *Hurtado v. Mullin,* No. 2:26-cv-02787-TMC, 2026 WL 2529540, at *1 (W.D. Wash. Aug. 27, 2026). In *Hurtado* the petitioner entered the United States in 1999, voluntarily departed, reentered in 2000, was ordered removed in 2007, reentered and was arrested in June 2026. In August 2026, *Hurtado* filed a §

2241 petition alleging his due process rights were violated because ICE arrested him without notice and a hearing. The Court rejected the argument finding:

> Petitioner has not cited any relevant authority for his proposition that due process requires notice and a hearing before a noncitizen with a valid prior order of removal is arrested and detained. The Supreme Court examined the post-removal statutory scheme in *Zadvydas v. Davis*, 533 U.S. 678 (2001) and did not suggest any constitutional infirmity with the mandatory 90-day post-removal detention period: "After entry of a final removal order and during the 90-day removal period...aliens must be held in custody." *Id*. at 683; *Khotesouvan v. Morones*, 386 F.3d 1298, 1301 (9th Cir. 2004) ("Just as the period of detention under § 1226(c) passed constitutional scrutiny in *Kim*, the period of detention under § 1231(a)(2) also passes constitutional scrutiny."). Petitioner's argument that he must have an individualized custody determination or notice and a hearing before this period of mandatory detention is foreclosed by Supreme Court and Ninth Circuit precedent.

*Id.* at * 1.

Consistent with *Hurtado*, the Court finds because Petitioner is subject to a final order of removal, his Fifth Amendment due process rights were not violated when he was arrested and detained without notice and a hearing.

**B. INA Claim**

Petitioner argues under the INA, Respondents may not perform a warrantless arrest unless there is reason to believe the person arrested is in the United States in violation of the law and is likely to escape before a warrant can be obtained. Petitioner's argument implying he was arrested without a warrant lacks support. The record shows on September 2, 2026, Respondents identified Petitioner as a person who was unlawfully present in the United States and an ERO supervisor issued a warrant for Petitioner's arrest. Dkt. 12, Exhibit D ("An ERO supervisor issued a Warrant of Arrest of Aline, Form I-200, for the Target [Petitioner]."). Thus, the record shows Petitioner was arrested pursuant to a warrant and was not subject to a warrantless arrest as

he implies. Moreover, the "Record of Deportable/Inadmissible Alien" indicates while Petitioner was driving on a freeway, he saw he was being followed by ICE agents, quickly pulled off the freeway and drove into a parking lot. The ICE agents followed Petitioner who after parking his car, "began to flee on foot." *Id.* Hence, even assuming Respondents did not have an arrest warrant, Petitioner's attempt to flee supports the immigration agents' decision to arrest and detain Petitioner.

**C. APA and Fourth Amendment Claims**

Petitioner contends the APA is violated by an agency policy "of effecting warrantless immigration arrests, without regard to individualized flight risk, and the Fourth Amendment is violated when warrantless civil immigration arrests are made without probable cause. As noted above, these contentions lack support because, Petitioner was identified as being in the country unlawfully, a warrant was issued for his arrest, and when the ICE officers contacted him, he attempted to flee.

## CONCLUSION

For the foregoing reasons, the petition for writ of habeas corpus is **DENIED** and the case is **DISMISSED** with prejudice.

DATED this 2nd day of October, 2026.

BRIAN A. TSUCHIDA
United States Magistrate Judge